Ruiz v. Defendants

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand fifteen.

**PRESENT:**

> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **RICHARD C. WESLEY,**
> *Circuit Judges.*

_____

**Christopher Felix Ruiz,**

> *Plaintiff-Appellant*,

> **v.**                                                                                    **14-184**

**Defendants all enclosed, mentioned but not limited to of OSC Case File #DI-10-1811, (enclosed submitted Legal 8 ½ x 11 inch 12 pages sheets),**

> *Defendants-Appellees*.

_____

1

**FOR PLAINTIFF-APPELLANT:**            Christopher Felix Ruiz, pro se, Lexington, KY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED IN PART** for lack of appellate jurisdiction, and that the judgment of the district court is **AFFIRMED IN PART**.

Appellant Christopher Ruiz, pro se, appeals the district court's order and judgment dismissing his complaint sua sponte as frivolous and failing to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction" over any appeal "in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). Even so, if "we conclude that there are 'reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff[s] may or may not be entitled to the relief [they] seek[],' we have jurisdiction to entertain this appeal." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 200 (2d Cir. 2006), *abrogated on other grounds by FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)) (internal citation omitted).

We review *de novo* a district court's sua sponte dismissal of a complaint pursuant to 28

2

U.S.C. § 1915(e)(2).  *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).  The complaint

must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).  Pro

se complaints should be liberally construed, and district courts should generally not dismiss a pro

se complaint without granting the plaintiff leave to amend, unless it would be futile.  *See Cuoco*

*v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Ruiz's complaint is such that it is difficult to discern which of his claims, if any, arise

under the federal patent laws.  To the extent Ruiz brings patent infringement claims, we dismiss

for lack of appellate jurisdiction.  *See* 28 U.S.C. § 1295(a)(1).  To the extent Ruiz's claims do

not arise under the federal patent laws, we agree with the district court that the claims are

frivolous and implausible, and we affirm for substantially the reasons stated by the district court

in its December 17, 2013 decision.

We have considered all of Ruiz's arguments and find them to be without merit.

Accordingly, we **DISMISS** the appeal, in part, for lack of jurisdiction, and we **AFFIRM** the

judgment of the district court, in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3